# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MICKEY OECHSNER**
      **Plaintiff,**

    **v.**                               **Case No. 23-C-56**

**KILOLO KIJAKAZI,**
**Acting Commissioner of the Social Security Administration**
            **Defendant.**

---

## ORDER

Nevada Smith, who identifies himself as an "interested party," requests leave to file documents in this closed social security appeal. Summarized, Smith alleges that one of the agency medical consultants involved in the case engaged in the unlawful practice of medicine in Wisconsin. He suggests the court could reopen the case and set aside the judgment under Fed. R. Civ. P. 60 based on his information. Smith indicates that he is not an attorney, and he does not represent plaintiff. Nor does Smith allege that he has any legally cognizable interest in this case.[1]

The district court has discretion to permit a non-party to participate in a case as an amicus curiae. Generally, a court may grant leave to appear as an amicus if the information offered is timely and useful. E.g., Ellsworth Assocs. v. United States, 917 F. Supp. 841, 846

---

[1]Smith appears to be a frequent filer of similar requests in cases where he has no apparent interest. See, e.g., Pickering v. Akal Sec., Inc., No. 20-cv-23151, 2020 U.S. Dist. LEXIS 190109 (S.D. Fla. Oct. 14, 2020); Bend v. Scalia, No. 1:19-CV-4295, 2020 U.S. Dist. LEXIS 266171 (N.D. Ga. Feb.11, 2020); see also Gray v. Berryhill, No. 6:16-cv-500, 2018 U.S. Dist. LEXIS 237876 (M.D. Fla. July 13, 2018) (striking Smith's motion to alter or amend the judgment in a social security case to which he was not a party).

(D.D.C. 1996). Smith's information is neither. The case has been closed for nearly two years, and Smith presents no plausible basis for granting the extraordinary remedy of reopening the judgment,[2] see Dolin v. GlaxoSmithKline LLC, 951 F.3d 882, 891 (7th Cir. 2020) ("Judgments may not be reopened under Rule 60(b) except in compelling and extraordinary circumstances.") (internal quote marks omitted), a step requested by neither of the parties. See Butler v. Daimler Trucks N. Am., LLC, 74 F.4th 1131, 1144 n.4 (10th Cir. 2023) (noting that courts ordinarily decline to consider arguments raised only by an amicus).

**THEREFORE, IT IS ORDERED** that Smith's motion for leave to file (R. 25) is denied.

Dated at Milwaukee, Wisconsin this 18th day of July, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge

---

[2]Smith's documents show that his complaint against the consultant with state licensing authorities was rejected. Smith indicates that he has filed numerous such complaints against social security consultants with medical boards nationwide, receiving the same boilerplate response.

2